# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.E.O.H.,<br><br>                 Petitioner,<br><br>     v.<br><br>KRISTI NOEM, et al.,<br><br>                 Respondents. | No. 1:26-cv-01266 JLT SAB (HC)<br><br>A-Number: 233-261-414<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO DISMISS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 8, 10) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 26, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, Respondents' motion to dismiss be denied, and Respondents be directed to release Petitioner. (Doc. 10.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) The Court further warned the parties "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 13 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).) To date, no objections have been filed, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a

1

*de novo* review of the case. Having carefully reviewed the entire file, the Court holds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, the Court **ORDERS**:

1.  The findings and recommendations issued on March 26, 2026 (Doc. 10) are **ADOPTED IN FULL**.

2.  The petition for writ of habeas corpus is **GRANTED**.

3.  Respondent's motion to dismiss (Doc. 8) is **DENIED**.

4.  Respondents are directed to **IMMEDIATELY RELEASE** Petitioner without imposing any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing.

5.  Respondents are **ENJOINED** and **RESTRAINED** from rearresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested.[1]

6.  The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

7.  The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:    **April 9, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.